IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN TAPIA,

        Petitioner,                    No. CIV S-08-1291 DAD P

    vs.

LARRY SMALL, Warden,

        Respondent.            <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on May 24, 2005, in the San Joaquin County Superior Court on charges of kidnapping (Cal. Penal Code § 207); forcible rape including kidnapping (Cal. Penal Code §§ 261(a)(2)); and making criminal threats (Cal. Penal Code § 422).

        On appeal of his conviction, petitioner raised the following issues: (1) the evidence introduced at his trial was insufficient to support his conviction on the rape charge; (2) the trial court erred in failing to instruct the jury on lesser included offenses: (3) the trial court violated his right to due process by instructing the jury on witness credibility in a biased manner; (4) the admission into evidence at his trial of prior acts of domestic violence violated his constitutional rights; and (5) the trial court violated his right to due process by permitting the jury

1

to consider the evidence of prior acts of domestic violence in connection with a count as to which the evidence was irrelevant. (Lod. Doc. No. 3.) After the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction, petitioner filed a petition for review in the California Supreme Court, in which he raised these same issues. (Sec. Am. Pet. at consecutive pgs. 7-13; Lod. Doc. No. 6.)

On June 9, 2008, petitioner filed a petition for a writ of habeas corpus in this court. That petition was dismissed twice with leave to amend because petitioner had named the wrong respondent. On September 8, 2008, petitioner filed the second amended petition upon which this action is now proceeding. The claims set forth in the second amended petition, which are divided into four "grounds," are extremely difficult to decipher. First, petitioner claims that his conviction was "obtain (sic) by a violation of the privilege against and to disclose to the defendant evidence favorable to defendant." (Sec. Am. Pet. at consecutive p. 15.) In the "supporting facts" section of the second amended petition, petitioner explains that there was a witness who could have supported his testimony that he did not assault the victim. (Id.) This witness apparently was not called to testify at petitioner's trial.

Second, petitioner claims that his conviction was obtained in violation of the Double Jeopardy Clause. Petitioner also mentions "recantation of witness." (Id.) In the "supporting facts" section of the second amended petition, petitioner appears to be claiming either that the evidence introduced at his trial did not support the jury's verdict, or that relevant evidence was not introduced at his trial. (Id.)

Third, petitioner claims that his trial counsel rendered ineffective assistance by failing to fully investigate his case and by failing to introduce relevant evidence. (Id. at consecutive p. 16.) Petitioner's fourth claim for relief is described as "self defense." (Id.) In the "supporting facts" section of the second amended petition, petitioner appears to be claiming that he slapped the victim in self-defense. Petitioner also states that evidence the victim was "due in court on a DUI" on "the day in question" was suppressed. (Id.) In several pages attached to the

1 form petition, petitioner includes a lengthy explanation of his version of events on the day of the
2 assault for which he was convicted. (Id. at consecutive pgs. 24-33.) Petitioner has attached
3 several exhibits to his second amended petition, including: the state court transcript of his
4 motion for substitute counsel; several letters from his trial counsel to himself; and portions of the
5 trial transcript involving the defense closing argument and the judgment and sentencing
6 proceedings.

In his answer to the second amended petition, respondent has addressed the issues raised in petitioner's brief on appeal and petition for review to the California Supreme Court. Specifically, respondent has filed an answer addressing petitioner's state court claims of insufficient evidence, jury instruction error, and the improper admission into evidence of prior acts of domestic violence. The answer does not address the claims petitioner has raised in the second amended petition now pending before this court. The court notes that none of the claims petitioner appears to describe in his second amended petition before this court mention the jury instructions given at his trial or the admission into evidence of prior acts of domestic violence. Conversely, petitioner's state court briefs do not reflect claims of ineffective assistance of counsel. Under these circumstances, respondent will be directed to file an amended response addressing the allegations of petitioner's second amended petition which is the operative pleading before this court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent is directed to file an amended response to petitioner's September 8, 2008 second amended habeas petition (Doc. No. 9) within thirty days from the date of this order.

2. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

3. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after

3

service of the motion, and respondents' reply, if any, shall be filed and served within fourteen days thereafter.

DATED: March 18, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
tapia1291.o