1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARTIN TAPIA,

11           Petitioner,                    No. CIV S-08-1291 DAD P

12       vs.

13   LARRY SMALL, Warden,

14           Respondent.                    ORDER

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered

18   against him on May 24, 2005, in the San Joaquin County Superior Court on charges of

19   kidnapping (Cal. Penal Code § 207); forcible rape including kidnapping (Cal. Penal Code §§

20   261(a)(2)); and making criminal threats (Cal. Penal Code § 422).

21          On September 8, 2008, petitioner filed the second amended petition upon which

22   this action is now proceeding.  In his first claim for relief, petitioner contends that his conviction

23   was "obtain (sic) by a violation of the privilege against and to disclose to the defendant evidence

24   favorable to defendant."  (Sec. Am. Pet. at consecutive p. 15.)  In the "supporting facts" section

25   of the second amended petition, petitioner explains that there was a witness who could have

26   supported his testimony that he did not assault the victim.  (Id.)  This witness apparently was not

1

called to testify at petitioner's trial.

Petitioner's second claim for relief is that his conviction was obtained in violation of the Double Jeopardy Clause.  Petitioner also mentions "recantation of witness" in connection with this claim.  (Id.)  In the "supporting facts" section of the second amended petition, petitioner appears to be claiming either that the evidence introduced at his trial did not support the jury's verdict or that relevant evidence was not introduced at his trial.  (Id.)

In his third claim for relief, petitioner alleges that his trial counsel rendered ineffective assistance by failing to fully investigate his case and by failing to introduce relevant evidence at trial.  (Id. at consecutive p. 16.)  Petitioner's fourth claim for relief is described as "self defense."  (Id.)  In the "supporting facts" section of the second amended petition, petitioner appears to be claiming that he slapped the victim in self-defense.  Petitioner also states that evidence the victim was "due in court on a DUI" on "the day in question" was suppressed.  (Id.) Petitioner has attached several exhibits to his second amended petition, including:  the state court transcript of his motion for appointment of substitute counsel; several letters from his trial counsel to himself; and portions of the trial transcript involving the defense closing argument and the judgment and sentencing proceedings.

As explained in a prior court order, the claims raised in the second amended petition now pending before the court are extremely difficult to decipher, but do not appear to be the same as the claims raised by petitioner in his state court appeal.  The issues raised by petitioner on appeal in state court were the following: (1) the evidence introduced at his trial was insufficient to support his conviction on the rape charge; (2) the trial court erred in failing to instruct the jury on lesser included offenses: (3) the trial court violated his right to due process by instructing the jury on witness credibility in a biased manner; (4) the admission into evidence at his trial of prior acts of domestic violence violated his constitutional rights; and (5) the trial court violated his right to due process by permitting the jury to consider the evidence of prior acts of domestic violence in connection with a count as to which the evidence was irrelevant.  (Lod.

2

Doc. No. 3.)

In his original answer filed on December 16, 2008, respondent addressed the issues presented by petitioner to the state courts on appeal but did not in any way address the claims petitioner has raised in the second amended petition now pending before this court. Accordingly, by order filed March 19, 2010, respondent was directed to file an amended response to the second amended petition in the form of a motion or an amended answer.  On that same date, respondent filed an amended answer.  Therein, respondent again merely addresses petitioner's claims raised on appeal in state court.  The only addition in the amended answer was respondent's brief statement that, generally, all claims made by petitioner which did not "renew the same factual allegations made in the California Court of Appeal" are unexhausted or subject to a procedural bar.  (Am. Answer at 1-2.)  Respondent's latter statement in the amended answer are insufficient and suggest arguments more appropriately raised in a motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the filed date of this order, respondent shall file a fully-briefed motion to dismiss the second amended petition now pending before the court based on the suggested arguments that petitioner's claims are unexhausted and/or subject to a procedural bar.  Failure to do so will be deemed a waiver of such arguments on the part of respondent.

DATED: April 14, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
tapia1291.mot

3